(No. 1972—

MINNIE M. MAYER AND NELLIE C. MAYER, Claimants, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed January 11, 1933.*

ERNEST STANLEY HODGES, for claimants.

OSCAR E. CARLSTROM, Attorney General; CARL DIETZ, Assistant Attorney General, for respondent.

Mr. JUSTICE THOMAS delivered the opinion of the court:

This claim is for $10,000.00 damages to the property of claimants alleged to have been caused by the construction of a pedestrian subway under State Aid Road No. 55, in the Village of Homewood in Cook County.

The facts alleged in the declaration and supported by the evidence are substantially as follows: The property of claimants is a vacant lot situated on the east side of and adjoining State Aid Road No. 55, in the Village of Homewood. The property has a frontage of 40 feet on the road and a depth of 123 feet from the center of the road and of 90 feet from its east line. On March 25, 1931, the school board of District No. 153 petitioned the Cook County Board of Commissioners to construct a subway for school children under the road. On May 11, 1931, the County Board passed a resolution providing for the construction of the subway as a 15-d project. On June 2, 1931, the Division of Highways of

the State approved the resolution and on June 15th approved the plans and specifications for the work. On July 15, 1931, the County Board let the contract for the work, which contract was also approved by the Division of Highways on July 30th. The subway was constructed in the month of August following. The subway extended east and west under the road. Stairs lead from the surface down to the subway. The stairway paralleled the front of claimant's property 13 feet. Around the stairway opening in a concrete curb one foot high upon which is constructed an iron railing, the top of the railing being 44 inches above the surface of the ground.

It is alleged that the subway was constructed without any authority from claimants, and that its construction has subjected their property to an easement additional to that of the road and has interferred with, and cut off the right of ingress and egress thereto.

The Attorney General files a demurrer to the original declaration. Then the complaint filed an amended declaration. To this the attorney for the claimant and the Attorney General, entered into a stipulation of facts in the case.

The Attorney General forwarded the declaration in this case to the Division of Highways of the Department of Public Works and Buildings for investigation and report. On January 7, 1933, the Attorney General received the following report from Frank T. Sheets, Chief Highway Engineer, of the Division of Highways:

"Dear Sir:

Following is a supplemental report, which you have requested on the above claim.

The structure referred to is a pedestrian subway built by Cook County under Section 15-D of the Road and Bridge Act. The whole cost of this improvement was borne by Cook County with County funds and County Motor Tax funds. The County Motor Fuel Tax funds were used to retire the contract obligations after the contract was awarded.

The plans and estimates for this work were prepared by Cook County and were examined and approved by the State as provided for by law. After the contract was awarded the construction work was given general supervision by the State Division of Highways. The section has been accepted for 100 per cent maintenance by the State.

The underpass is underneath a pavement which was built jointly by the State, County and Village of Homewood and which is under 100 per cent maintenance by the State with the exception of that portion built by the Village.

I am returning your file in this matter."

In view of the report of Frank T. Sheets, Chief Highway Engineer, Division of Highways, the Attorney General recommends that claimant be awarded the sum of $4,000.00.

Therefore, the court on the recommendation of the Attorney General recommends an award of $4,000.00 be allowed to claimant.